————o————

## No. 6191.

## GEORGE A. TREADWELL vs. ICE DELIVERY COMPANY, IN LIQUIDATION.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 99,934. Honorable T. C. W. Ellis, Judge.

Joseph Sinai, for plaintiff and appellee.

Merrick, Lewis, Gensler & Schwarz, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff's claim is for services rendered in the liquidation of the defendant company, and the defense is that he was not employed by the company, but by one of its liquidators individually to perform work that it was the duty of and for which that liquidator himself was paid to do,

and that the latter and not the company is liable for said services.

This defense is only partially sustained. It does appear from the evidence that under the plan of liquidation adopted each of the three liquidators undertook certain designated work and that one of them instead of performing his allotted work himself employed plaintiff to do it for him. A part of the services for which plaintiff sues was undoubtedly rendered under those circumstances, and for this work it is clear that the company cannot be held liable.

But above and apart from this work, there is no doubt that plaintiff, with the full knowledge of all the liquidators, performed valuable services to the liquidation of a character that it was not contemplated would be performed by any of the liquidators personally, and that if plaintiff had not thus rendered this assistance and devoted his time to the liquidation, others of necessity would have been employed and paid to do so. And we refer particularly to the office work, book-keeping, supervision of collections, preparation of statements, etc. For these services he is unquestionably entitled to remuneration from the company that profited by them and we fix the sum of $300.00 as a fair allowance.

The trial Court awarded $500.00 apparently on the theory that the defendant was liable for all the work done by plaintiff and its judgment will consequently require amendment.

It is accordingly ordered that the judgment be amended by reducing same from $500.00 to $300.00 and that as thus amended it be affirmed, the plaintiff paying the costs of appeal.

Judgment amended.

Opinion and decree, January 5, 1915.